## AVERMENTS WITH REFERENCE TO EXPOSED COG-WHEELS.

Circuit Court of Cuyahoga County.

### D. A. DeFranco v. C. Bifaro.

Decided, December 16, 1912.

*Pleading—What Sufficient Averment of Failure to Enclose Machinery.*

In an action for personal injuries caused by a servant coming in contact with exposed cog-wheels, an averment that the defendant permitted said cog-wheels to be exposed without any enclosure and without any protection of any kind, sufficiently alleges defendant's failure to enclose with substantial railings, etc., as required by statute.

*C. V. Hull*, for plaintiff in error.
*Howland & Moffett*, contra.

Marvin, J.; Winch, J., and Meals, J., concur.

The defendant in error, hereinafter spoken of as the plaintiff, brought suit against the plaintiff in error, hereinafter spoken of as the defendant.

The plaintiff was an employee of the defendant on the first day of June, 1910, and on said day and in the course of said employment, he was at work at a machine in the manufactory of the defendant, in mixing and stirring the material used for making macaroni. This machine consisted in part of certain cogwheels, meshing into one another and connected with the devices for giving power to said machinery and causing the same to move in the performance of the work to be done.

The plaintiff alleges in his petition that while so in the performance of his duties the machine, which had been stopped, suddenly started, catching his fingers between the cogs on said wheels, crushing four of his fingers, necessitating their amputation. He says that the injury so sustained by him was due wholly to the negligence of the defendant and entirely without fault on his part.

In his answer the defendant denies all negligence on his part and avers that whatever injury was received on the occasion was caused wholly by the negligence of the plaintiff himself.

The result of the trial in the common pleas court was a verdict and judgment for the plaintiff.

The defendant complains that there was error to his prejudice in the trial and prays that the judgment be reversed. He says, first, that the petition does not state a cause of action against him under the statute, Section 1027, General Code, and that if the plaintiff relied on his right to recover without reference to this statute, the facts show clearly that his negligence was such that he was not entitled to recover.

Without discussing the question as to whether, under the answer, the defendant could rely for a defense upon the contributory negligence of the plaintiff, we proceed to a discussion of the other question, "does the petition state facts sufficient to bring the case within the provisions of the statutes."

It is provided by Section 6245-1 that no "employee who may be injured or killed shall be held in any degree to have been guilty of contributory negligence in any case where the violation of any statute or law of the state, or United States, enacted for the safety of employees, in any way contributed to the injury or death of such employee, unless, by the terms of his em-

ployment, it was expressly made the duty of such employee to report such violation to the employer," etc. There is no claim here that there were any such terms in the contract of employment, so that the next inquiry is whether the petition charges that the defendant violated any law of the state, which violation contributed in any way to the plaintiff's injury.

Section 1027, General Code, says:

"The owners and operators of shops and factories shall make suitable provisions to prevent injury to persons who use or come in contact with machinery therein or any part thereof.

"2. They shall enclose with substantial railings or casing all exposed cog-wheels," etc.

The language of the petition is "that on the side where plaintiff stood in so operating said machine were certain cog-wheels, the outer part thereof fitting into each other and revolving together and being a part of said machine which plaintiff was so operating; that said cog-wheels were not enclosed or incased in any manner."

And again, "that said defendant permitted said cog-wheels to be exposed without any enclosure and without any protection of any kind."

It is urged here that, whereas by Section 1028, General Code, a penalty is provided for the violation of Section 1027, said last-named section must be strictly construed and that when strictly construed the allegations of the petition fail to show that the same was violated by the defendant.

The language of defendant's brief on this question is this: "The phrase 'without any enclosure' " is not synonymous with "enclose with substantial railings." This, of course, is true, the one is negative, the other positive; but what counsel meant was that "without any enclosure" is not synonymous with "not enclosed with substantial railings," and this statement is true; the two phrases are not synonymous, but the former includes the latter. To say "John has one eye" is not synonymous with saying that "John has two eyes," but if the last statement is true, the first is necessarily true. If one is by law bound to maintain a stone bridge at a given point, an averment that he

maintains no bridge whatever at that point is an absolute denial that he maintains a stone bridge at that point.

The case referred to in defendant's brief in support of his contention that there is no allegation in the petition showing a violation of the statute, viz., *Boiler Works* v. *Shuck*, 13 C.C.(N. S.), 118, comes very far short of sustaining the position claimed for it. The syllabus reads:

"A petition for damages on account of injuries alleged to be due to exposed cog-wheels, does not state facts sufficient to constitute a cause of action, where the petition merely avers that the wheels complained of 'were not covered,' and does not allege that no railing had been placed around them."

In the opinion, at page 121, the court uses these words, speaking of the petition:

"It does not allege at all that there was no railing."

The entire opinion shows that if there had been an allegation that the cog-wheels were not enclosed by any railing, the petition would have been good.

The complaint made as to the admission of evidence, as shown on page 13 of the bill of exceptions, is not sound, for the reasons already given on the question of the sufficiency of the petition. The question asked was:

"Was there any enclosure or railing or casing about the cog-wheels when you got your fingers hurt?"

The answer was: "No."

When the objection was made at the outset of the trial to the introduction of any evidence, the court was clearly right in overruling such objection, because the petition was sufficient, even if the allegations did not bring it within the statutes. When, however, a motion was made at the close of all the evidence, to direct a verdict for the defendant, the question was raised whether it was clear that under the evidence no case had been made outside of the statute; but if the question was so raised, the court reached the proper conclusion.

We find no error in the record to the prejudice of the defendant and the judgment is affirmed.